UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SITUE SAVELIO TOLUAO,<br><br>                        Petitioner,<br><br>v.<br><br>SOTO, Warden,<br><br>                        Respondent. | Case No.: 14-cv-0093-JAH-RBB<br><br>**ORDER OVERRULING PETITIONER'S OBJECTIONS; ADOPTING THE REPORT AND RECOMMENDATION; DENYING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING A CERTIFICATE OF APPEALABILITY** |

## **INTRODUCTION**

Pending before the Court is Petitioner Situe Savelio Toluao's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254, challenging his state court conviction. See Doc. No. 1. The Honorable Ruben B. Brooks, United States Magistrate Judge, submitted a report and recommendation ("report") to this Court, recommending the petition be denied in its entirety. See Doc. No. 8. Petitioner filed objections to the Report, of which Respondent did not file a reply. [Doc. No. 9]. After careful consideration of the parties' submissions, along with the entire record of this matter, this Court **OVERRULES** Petitioner's objections, **ADOPTS** the magistrate judge's report in its entirety, **DENIES** the instant petition, and **DENIES** a certificate of appealability.

1

# BACKGROUND[1]

On November 20, 2009, a jury convicted Petitioner of first degree murder and attempted murder in violation of California Penal Code sections 187(a) and 664. Subsequently, on September 20, 2010, Petitioner was sentenced to 114 years to life in state prison. Petitioner timely filed an appeal with the California Court of Appeal, who rejected all of Petitioner's claims and affirmed the judgment. Petitioner filed a petition for review with the California Supreme Court, which was denied without comment or citation. Petitioner filed the instant writ of habeas corpus with this Court on January 5, 2014. On March 21, 2014, Respondent filed a response, along with a Notice of Lodgment. Petitioner did not file a Traverse. On August 25, 2015, Judge Brooks filed a report recommending the Court deny Petitioner's habeas corpus petition in its entirety. Petitioner has filed objections to the report in a document entitled "Objections to Report and Recommendation under 28 U.S.C. 2244(d)(1), 2254, and 2255." No reply to Petitioner's objections was filed.

# DISCUSSION

## I. Scope of Review

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Title 28, United States Code, § 636(b)(1). Under this statute, the district court "shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." Id. It is well-settled, under Rule 72(b) of the Federal Rules of Civil Procedure, that a district court may adopt those parts of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. Thomas v. Arn, 474 U.S. 140, 153 (1985).

---

[1] The underlying facts set forth in the magistrate judge's report, to which plaintiff presents no objection, are adopted in toto, and referenced as if fully set forth herein.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320 (1997). Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d); Early v. Packer, 537 U.S. 3, 8 (2002). When there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. See Ylst c. Nunnemaker, 501 U.S. 797, 805-06 (1991). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. Early, 537 U.S. at 8. Clearly established federal law, for the purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 72 (2003).

## II. Analysis

Petitioner alleges the following claims in his petition: (1) the trial court erred by admitting gang evidence; (2) Petitioner's right to confront witnesses was violated with the admission of his codefendants statements concerning his involvement in the crime; (3) denial of severance request violated Petitioner's right to a fair trial; (4) trial court admitted inadmissible hearsay evidence; (5) Petitioners constitutional rights were violated when the trial court denied motion for a new trial without evidentiary hearing; (6) trial court erred in denying Petitioner's request for release of juror information; (7) trial court failed to dismiss the prior strike conviction allegation; and (8) Petitioner joins into arguments made by his co-Petitioner that would accrue to his benefit.

It should be noted that Petitioner's submitted objections are extremely difficult to comprehend and lacked basic sentence structure and organization throughout.

Nevertheless, after a thorough and detailed evaluation, the Court finds that no specific objections were made, as Petitioner fails to object–or even discuss–any particular finding or conclusion presented by the magistrate judge. As such, the Court will construe Petitioner's objections as general objections to the magistrate judge's report. When a petitioner presents general objections to the magistrate judge's findings and conclusions, this Court may adopt the magistrate judge's findings and conclusions presented in the report as long as they are not clearly erroneous. See Thomas, 474 U.S. at 153. This Court's careful *de novo* review of the record reflects the magistrate judge presented a cogent analysis of all of Petitioner's claims and, thus, finds the magistrate judge's findings and conclusions are not clearly erroneous. Therefore, Petitioner's general objections are **OVERRULED**. Accordingly, this Court **ADOPTS** the magistrate judge's findings and conclusions presented in the report in full and **DENIES** the instant petition in its entirety.

### III. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability is not issued unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " Slack v. McDaniel, 529 U.S. 473, 475 (2000) (citation omitted). For the reasons set forth in the magistrate judge's report and recommendation and incorporated by reference herein, the Court finds that this standard has not been met and therefore **DECLINES** to issue a certificate of appealability in this case.

\\
\\
\\
\\

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Petitioner's objections to the magistrate judge's report and recommendation are **OVERRULED;**
2. The findings and conclusions of the magistrate judge presented in the report and recommendation are **ADOPTED** in their entirety;
3. The instant petition is **DENIED with prejudice**;
4. Petitioner is **DENIED** a certificate of appealability; and
5. The Clerk of Court shall enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 27, 2018

_____
JOHN A. HOUSTON
United States District Judge